TAYLOR WILLIAMS

*v.*

ROBERT A. GALT.

*Filed at Ottawa May 18, 1880.*

ASSIGNMENT—*sufficiency to pass title.* Where the payees of a note, being bankers, made an assignment thereof by indorsement to the plaintiff, and placed the note in an envelop that contained other papers of the plaintiff, and at the same time credited their account with bills receivable and charged the plaintiff's account as treasurer of a cheese factory with the amount of the note and interest, and on the next day, without any further delivery, made a voluntary assignment for the benefit of their creditors, this note not being included in the schedule of property delivered to the assignee, and not passing into his hands, and the payees on the same morning the assignee took

possession of the effects of the bank, delivered the note to the plaintiff: *Held*, that the indorsement not only passed the legal, but also the equitable title of the note to the plaintiff.

APPEAL from the Appellate Court for the Second District.

Messrs. BENNETT & GREEN, for the appellant:

If the legal title is vested in another when the suit is brought, the plaintiff can not afterwards invest himself with the legal title so as to maintain the action. *Burnap* v. *Cook*, 23 Ill. 171; *Moore* v. *Maple*, 25 id. 343; *Porter* v. *Cushman*, 19 id. 572; *Campbell* v. *Humphries*, 2 Scam. 478; *Waggoner* v. *Colvin*, 11 Wend. 27; *Simms* v. *Waterman*, 17 Ill. 371; 2 Pars. on Notes and Bills, 438; *Lockridge* v. *Nuckolls*, 25 Ill. 178.

The most that can be claimed is that Galt received the note as collateral security, and this will not protect him against the want of title in Patterson & Co. at the time of the alleged assignment of the note to him. *Rice* v. *Noitt*, 17 N. H. 116; *Duncan* v. *Rosche*, 8 Bosw. 243; *Nulter* v. *Stover*, 48 Me. 163; *Ryan* v. *Chew*, 13 Ia. 589; *Jenkins* v. *Schaub*, 14 Wis. 5; *Fenoville* v. *Hamilton*, 35 Ala. 319; *Mickles* v. *Colvin*, 4 Barb. 304; 2 Pars. on Notes and Bills, 284.

By the execution and delivery of a deed of assignment the estate is placed beyond the control of the assignor. *Produce Bank* v. *Martin*, 67 N. Y. 203; *Alpaugh* v. *Robinson*, 27 N. J. 97; *Johnson* v. *Sharp*, 31 Ohio, 611.

Messrs. MANAHAN & WARD, for the appellee:

It is no concern of the maker of a note what consideration was paid by the assignee. *Burnap* v. *Cook*, 32 Ill. 168.

Neither is it the maker's business as to who is entitled to the proceeds of such note. *Tooke* v. *Newman*, 75 Ill. 218.

The question as to what was paid by the assignee can be raised by the maker only when the latter has a defence against the assignor. This explains the holding of our court that an assignee for collection may sustain suit, and one who

holds a note as collateral security. *Laflin* v. *Sherman*, 28 Ill. 391; *Mayo* v. *Moore*, 28 id. 428; *Manning* v. *McClure et al.* 36 id. 490; *Bowman* v. *Millison*, 58 id. 36.

As to the delivery of the note as passing the legal title to the note, counsel cited *Williams* v. *Butler*, 35 Ill. 544; *Richardson* v. *Lincoln*, 5 Metc. 201; *Howe* v. *Ould*, 28 Gratt. 1; *Hutchinson and wife* v. *Rust*, 2 Gratt: 394; *Worth* v. *Case*, 42 N. Y. 362; *Dean* v. *Caruth*, 108 Mass. 242; *Lysart* v. *Manning*, 9 Grang. & Scott.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought by Robert A. Galt against Taylor Williams, on a promissory note. On the trial in the circuit court judgment was rendered in favor of plaintiff for the amount of the note and interest, and that judgment was affirmed on appeal in the Appellate Court. The only question made by the defendant on his appeal in this court is, did plaintiff, at the time he commenced his suit, have the legal title to the note in controversy?

The note was payable to Patterson & Co., and was by them indorsed and delivered to plaintiff. That placed the legal title to the note in plaintiff, and authorized him to maintain an action on it in his own name. Patterson & Co. were bankers. The note was assigned by them on the 16th day of January, 1878, and was by them placed in an envelop that contained other papers belonging to plaintiff, and at the same time they credited their account of bills receivable and charged the account of plaintiff as treasurer of the cheese factory with the amount of the note and interest. On the next day the firm of Patterson & Co. made a voluntary assignment under the laws of this State, for the benefit of their creditors. This note was not included in the schedules of property delivered to the assignee, but whether it was in fact delivered to plaintiff other than by being placed with his private papers on special deposit for safe keeping in the bank before the assignee under the assignment received the key to the bank-

ing house containing the effects of the assignors, is not definitely proved. The note never went into the hands of the assignee, and it was in fact delivered to plaintiff by the payees on the same morning the assignee took possession of the effects of the bank.

If the assignment made on the 17th day of January affected the note at all, it was the equitable ownership and not the legal title to it. That passed, by the indorsement of the payees, to plaintiff, and it is no concern of the maker who may be the equitable owner of the proceeds of the note. But under the evidence it is apparent plaintiff is both the legal and equitable owner of the note, and may rightfully maintain an action to enforce collection.

The judgment will be affirmed.

*Judgment affirmed.*